IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GARY MURPHY d/b/a DIAMOND COMPUTER RESOURCES | § § § | |
| V. | § § | A-10-CA-970 LY |
| YRC INC. | § § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is YRC's Motion To Enforce Settlement Agreement and Suggestions In Support filed April 26, 2011 (Clerk's Doc. No. 17); the Law Office of KG, PPLC's Memorandum In Support of Motion to Withdraw filed April 28, 2011, which the Court construes as a motion to withdraw as counsel of record (Clerk's Doc. No. 18); and YRC's response to the motion to withdraw filed May 4, 2011 (Clerk's Doc. 19). On May 9, 2011, the District Court referred the above motions to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. 636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judge. After reviewing the parties' briefs, relevant case law, as well as the entire case file, the undersigned issues the following Report and Recommendation to the District Court.

## I. GENERAL BACKGROUND

Plaintiff Gary Murphy brought suit against the defendant YRC to recover damages resulting from defendant YRC's alleged breach of three shipping agreements between the parties. Murphy contends YRC breached its shipping agreement in failing to (1) deliver all of the products Murphy ordered from a third party, and (2) failing to "single stack" the products during shipment resulting

in economic loss. On April 1, 2011, Murphy and YRC Inc. successfully mediated their dispute. At the mediation, Murphy executed a Record of Mediation Agreement in which he agreed, in exchange for $25,000, to execute a formal settlement agreement releasing YRC of all claims. The mediation agreement also stated that Murphy would sign documents releasing and indemnifying YRC, its principals, agents, employees, and affiliated companies from any and all claims made by Murphy. On April 2, 2011, Murphy's counsel sent a letter to defendant's counsel confirming the terms of the mediation agreement and accepting the settlement amount of $25,000. Counsel for YRC prepared a formal settlement document titled Mutual Release and Settlement Agreement and sent it to Murphy's counsel, who approved the terms of the document. YRC signed the Mutual Release and Settlement Agreement and e-mailed a copy to Murphy's counsel for Murphy to sign. A week later, YRC sent a check to the Law Office of KG, PLLC and Murphy in the amount of $25,000. However, Murphy never signed the Mutual Release and Settlement Agreement.

On April 26, 2011, YRC filed a motion to enforce the terms of the mediated settlement agreement after Murphy failed to sign the formal settlement agreement. In response, the Law Office of KG, PLLC, filed a motion to withdraw as counsel of record for Murphy. Over Murphy's objection, the law firm contends "a conflict of interest has arisen that prevents Law Office of KG, PLLC's continued representation." The Court held a hearing on the above motions on May 16, 2011. At the hearing, Murphy asserted he refused to sign the formal settlement agreement because he had learned of new facts in the case that raised possible grounds for invalidating the mediated settlement agreement. The law firm, on the other hand, contends it cannot make any good faith arguments on Murphy's behalf in response to YRC's motion to enforce the settlement without violating ethical

2

rules of professional conduct. YRC opposes the motion to withdraw, to the extent the law firm's withdrawal will delay resolution of the underlying suit. At Murphy's request, the Court gave him until May 31, 2011, to hire new counsel. That deadline was later extended to June 3, 2011 (Clerk's Doc. No. 26). On June 8, 2011, Murphy requested additional time to hire counsel to "protect [his] interests" (Clerk's Doc. No. 27). The Court again granted Murphy's request and extended the deadline to hire substitute counsel to July 1, 2011. On July 1, 2011, Murphy informed the court that he was "securing some funds to retain new counsel. In the meantime, I would like to represent myself." (Clerk's Doc. No. 34). Because this matter has been pending for several months, the Court cannot wait any longer to make its recommendation.

## II. Discussion

### A. Law Firm's Motion to Withdraw

The law firm's motion to withdraw should be granted. The court will grant an attorney's motion to withdraw from representation of a client if the attorney shows good cause to withdraw, gives reasonable notice to the client, and satisfies the court that the attorney's withdrawal will not adversely affect efficient litigation of the suit. *See* Local Rule AT-3; *see also Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989) (an attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client); *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999) (per curiam). This court has adopted the Texas Disciplinary Rules of Professional Conduct. *See* Local Rule AT-7(a). Rule 1.15(b) of the Texas Disciplinary Rules of Professional Conduct outlines six specific situations in which good cause would exist for withdrawing from representation of a client. *See* TEX. DISCIP. RULES OF PROF'L CONDUCT R.

1.15(b)(1)-(6). An attorney seeking to withdraw bears the burden of proving the existence of good cause for withdrawal. *See Federal Trade Commission v. Intellipay, Inc.*, 828 F.Supp. 33, 34 (S.D. Tex. 1993).

Here, the law firm's motion to withdraw satisfies these requirements. The law firm's motion contends that good cause for withdrawal exists because the law firm and Murphy disagree about how to respond to the issue raised by the motion to enforce the settlement agreement. The firm believes that Murphy has no grounds to invalidate the settlement agreement. Murphy disagrees with this position and would like to repudiate the agreement and continue to litigate the matter. The firm testified at the hearing that it could not bring forth any good faith arguments opposing defendant's motion to enforce the agreement without violating ethical rules of conduct. The court finds this sufficient to demonstrate good cause for counsel to withdraw. *See* TEX. DISCIP. RULES OF PROF'L CONDUCT R. 1.15(b)(4) (withdrawal appropriate where "a client insists upon pursuing an object that the lawyer considers repugnant or imprudent or with which the lawyer has fundamental disagreement"). Accordingly, the undersigned recommends that the motion to withdraw be granted.

**B.     YRC's Motion to Enforce the Settlement Agreement**

A federal court sitting in diversity jurisdiction determines the validity of a settlement by applying the law of the state in which the settlement agreement was negotiated and where it is performed. *Lockette v. Greyhound Lines, Inc.*, 817 F.2d 1182, 1185 (5th Cir. 1987). Since the settlement agreement in the instant case was negotiated in Texas and was to be performed in Texas, Rule 11 of the Texas Rules of Civil Procedure governs the enforcement of a mediated settlement agreement. *Lefevre v. Keaty*, 191 F.3d 596, 598 (5th Cir. 1999) ( citing *Anderegg . High Standard,*

*Inc.*, 825 F.2d 77, 80-81 (5th Cir. 1987)); TEX. R. CIV. P. 11. According to Rule 11, a settlement agreement is enforceable if it is in writing, signed and filed with the papers as part of the record. *See* TEX. R. CIV. P. 11. *Ebner v. First State Bank*, 27 S.W.3d 287, 294 (Tex. App.—Austin 2000, pet. denied). In this case, the mediated settlement agreement is in writing, has been signed by Murphy, Murphy's attorney, and an authorized representative of YRC Inc., and has been filed as part of the pending motions. *See* TEX.. R. CIV. P. 11; see also *Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995) (confirming that a settlement agreement may be filed with the court after consent to it has been withdrawn, "so long as the agreement is filed before it is sought to be enforced").

Moreover, a federal court has inherent power to enforce agreements entered into in settlement of litigation. *See Bell v. Shexnayder*, 36 F.3d 447, 449 (5th Cir. 1994); *White Farm Equipment Co. v. Kupcho*, 792 F.2d 526, 529 (5th Cir. 1986). A settlement agreement once entered into cannot be repudiated by either party and may be summarily enforced. *See Mid-South Towing Co. v. Har-Win,* Inc., 733 F.2d 386, 389 (5th Cir. 1984); *see also Cia Anon Venezolana de Navegacio v. Harris*, 374 F.2d 33, 35 (5th Cir. 1967). A district court may exercise its discretion to enforce a settlement agreement where one party has agreed to a settlement but later refuses to execute a formal agreement reciting the terms of the settlement. *See e.g. Daftary v. Metropolitan Life Insurance Company*, 136 F.3d 137, 1998 WL 30059, at *1 (5th Cir. 1998) (per curiam)*; Weaver v. World Finance Corp. of Texas*, 2010 WL 1904561 (N.D. Tex. May 12, 2010).

In this case, Murphy and his counsel both signed the mediated settlement agreement. By signing the agreement, Murphy agreed to accept $25,000 "in full and final sentiment of any and all claims that Plaintiff made, or could have brought, against Defendant in this cause." *See* Record of

5

Mediation Agreement ¶ 3.  The fact that Murphy refused to sign the more detailed settlement agreement contemplated by the mediation agreement is immaterial, as the first agreement stated that "[i]f necessary, this agreement may be enforced as a contractual enforceable settlement [a]greement."  *Id.* at ¶ 4.  "Where a party has knowingly and voluntarily agreed to settle his claims and no change of circumstances warrants repudiation of the agreement, the courts will enforce the settlement agreement."  *Bell*, 96 F.3d at 449 (citation and internal quotation marks omitted).  Despite having many months to do so, Murphy has not identified any change in circumstances between now and the time the agreement was entered into that warrants repudiation of the settlement agreement.  YRC's motion to enforce the settlement agreement should therefore be granted.

## IV.  RECOMMENDATION

The undersigned Magistrate Judge **RECOMMENDS** that the Law Office of KG, PPLC's Memorandum In Support of Motion to Withdraw, construed as a motion to withdraw as counsel of record (Clerk's Doc. No. 18) be **GRANTED**.  The undersigned **FURTHER RECOMMENDS** that YRC's Motion To Enforce Settlement Agreement (Clerk's Doc. No. 17) be **GRANTED,** and that the parties be directed to carry out the terms of the mediated settlement agreement.  **FINALLY** it is **RECOMMENDED** that this matter be dismissed with prejudice consistent with the parties' settlement of the case.

## V.  WARNING

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are

6

being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-30 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested. The Clerk is specifically directed to serve a copy of this Report & Recommendation on Plaintiff Gary Murphy, individually.

SIGNED this 6th day of September, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE